UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


EVANTHONY R. NORMAN,

     Plaintiff,

v.                                                                  Case No. 8:21-cv-2019-WFJ-CPT

AMERICAN INTERNATIONAL
REALTY and MEL JACOBSON,

     Defendants.
_____/


**<u>REPORT AND RECOMMENDATION</u>**

     Before me on referral is Plaintiff Evanthony Norman's *Application to Proceed in District Court Without Prepaying Fees or Costs*, which I construe as a motion to proceed *in forma pauperis* (IFP Motion).  (Doc. 2).  Also before me is Mr. Norman's amended complaint against Defendants American International Realty (American International) and Mel Jacobson, the latter of whom apparently owns American International.  (Doc. 9).[1]  For the reasons discussed below, I respectfully recommend that Mr. Norman's IFP Motion be denied without prejudice, and that his amended complaint be dismissed with leave to amend.

---

[1] The Court previously dismissed Mr. Norman's original complaint (Doc. 1) without prejudice and with leave to amend.  (Doc. 5).

I.

Although not entirely clear, this action appears to stem from Mr. Norman's failed attempt to lease an apartment from American International and/or Mr. Jacobson in or around July 2021.  (Doc. 9).   According to Mr. Norman, the Defendants rejected his rental application after discovering he had been previously charged with driving under the influence, even though the application purportedly did not require the disclosure of that information.   *Id.*   Mr. Norman avers that the Defendants' actions were discriminatory and also constituted a breach of a "[t]elephonic agreement" he had with Mr. Jacobson.  *Id.*

Based on these and other allegations, Mr. Norman asserts claims against the Defendants pursuant to the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq*. and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.01, *et seq*., as well for breach of contract under Florida law.  *Id.*   For relief, Mr. Norman seeks approximately $32,150 in actual and punitive damages, along with $16,800 for "monetary retribution for loss of [e]mployment opportunity."  *Id.*

In support of his claim of indigency, Mr. Norman represents that he receives roughly $425 per month in unemployment payments and has less than $40 in two checking accounts.  (Doc. 2).  As for expenses and liabilities, Mr. Norman reports that he pays approximately $800 per month for utilities, transportation, food, and entertainment, as well as for "[a]limony, maintenance," and the like.  *Id.*  Mr. Norman does not, however, purport to have any dependents.  *Id.*

2

II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis* and, in civil cases for damages, the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (quoting *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)) (internal quotation marks omitted).

When an application to proceed *in forma pauperis* is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (per curiam) (citing

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).[2]  As such, to avoid dismissal, the complaint must contain adequate averments "to state a claim to relief that is plausible on its face." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

 In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted).  A court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citing *Iqbal*, 556 U.S. at 678).

III.

 Although Mr. Norman seems to qualify as indigent for purposes of section 1915, his amended complaint is subject to dismissal because it does not satisfy the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10 and also fails to state a claim upon which relief may be granted.  Each of these infirmities will be addressed in turn.

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

A.

Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint." *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" if doing so would promote clarity. Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Mr. Norman's amended complaint does not abide by these pleading standards here. Even construing that pleading liberally, it does not provide the type of "short and plain statement" required by Rule 8 and instead sets forth a narrative exposition of facts and legal conclusions, much of which are repetitive and incoherent, thus forcing the reader "to guess at precisely what [Mr. Norman is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Furthermore, while Mr. Norman's amended complaint references three causes of action, none of them appear to be clearly and distinctly alleged in the manner prescribed by Rule 10. Fed. R. Civ. P. 10(b); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). As a result, it is not evident which factual assertions in his amended complaint pertain to which cause of action or to which Defendant. *Weiland*, 792 F.3d at 1323 (finding complaints subject to dismissal where they "assert[ ] multiple claims against multiple defendants without specifying which . . . of the defendants the claim is brought against").

Taken singularly or in combination, these pleading deficiencies—among others—deprive the Defendants and the Court of "fair notice" regarding the nature of the claims brought against the Defendants and the "grounds" upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3; *see also Weiland*, 792 F.3d at 1323. The fact that Mr. Norman is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

6

B.

In addition to these pleading issues, Mr. Norman's allegations against the Defendants fail to state a claim upon which relief may be granted. I begin my analysis with his cause of action for discrimination under the FHA. A plaintiff seeking to assert such a claim must plead "'unequal treatment'" on the basis of his membership in a "'protected classification 'that affects the availability of housing.'" *Braggs v. Keith Realty Midtown/Corp. Overseer*, 2010 WL 2985591, at *4 (S.D. Ala. July 19, 2010) (quoting *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994) and citing *Hallmark Dev., Inc. v. Fulton Cnty., Ga.*, 466 F.3d 1276, 1283 (11th Cir. 2006)), *report and recommendation adopted*, 2010 WL 2985594 (S.D. Ala. July 26, 2010). Protected classes under the FHA include sex, race, color, religion, handicap, familial status, and national origin. 42 U.S.C. §§ 3604(b), (f).

Here, Mr. Norman does not specify the protected class of which he is part, nor does he aver that the Defendants treated him differently than any other rental applicants. *See Scott v. Brooks*, 2008 WL 2025308, at *2 (M.D. Fla. May 9, 2008) (dismissing a *pro se* plaintiff's complaint for failing to state a claim under the FHA because she did "not identif[y] the protected class of persons to which she belongs") (citation omitted); *Braggs*, 2010 WL 2985591, at *5 (finding that a *pro se* plaintiff failed to state an FHA claim where he did not allege that he was treated differently than anyone else). These defects alone are fatal to his FHA claim.

Mr. Norman's efforts to rely on the FCRA are similarly lacking. Before bringing an FCRA claim, a plaintiff must first submit a complaint to the Florida

Commission on Human Relations (FCHR) and "follow certain administrative pre-suit requirements." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1308 (11th Cir. 2021) (citing Fla. Stat. §§ 760.07, 760.11).  In this case, Mr. Norman neither alleges that he filed the requisite complaint with the FCHR nor that he exhausted his administrative remedies prior to commencing this lawsuit.  As such, his FCRA cause of action is subject to dismissal.  *See id.* (finding a plaintiff's claims for damages pursuant to the FCRA were frivolous because they were filed before the plaintiff exhausted his administrative remedies).

Mr. Norman's breach of contract claim likewise fails.  To properly plead such a cause of action under Florida law, a plaintiff must aver that there was a valid contract, a breach of that contract, and damages resulting from the breach.  *Fiedler v. Wells Fargo N.A.*, 2018 WL 4193697, at *5 (M.D. Fla. Aug. 7, 2018) (citing *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011)), *report and recommendation adopted*, 2019 WL 325083 (M.D. Fla. Jan. 25, 2019).  A valid contract exists under Florida law only if there was "(1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement." *Id.* (citing same).

Here, Mr. Norman merely avers in cursory fashion that a "[t]elephonic agreement [was] made with Mel[ ]Jacobson" and that this agreement was "[b]reach[ed]."  Such conclusory allegations do not satisfy the elements for a valid contract, much less for a breach of contract claim.  *See Wilson v. Bank of Am.*, 2016 WL 8243182, at *2 (M.D. Fla. Dec. 13, 2016) (finding a breach of contract claim was

insufficiently pleaded where the plaintiff simply "stat[ed] that the parties entered into a contract" and "vaguely allege[d] that [the d]efendant breached the purported contract . . . .") (citing *Iqbal*, 556 U.S. at 1949–50), *report and recommendation adopted*, 2016 WL 8243181 (M.D. Fla. Dec. 29, 2016).

IV.

In light of the foregoing, I recommend that the Court dismiss Mr. Norman's amended complaint with leave to file a further revised pleading. While I question whether, on the facts alleged, Mr. Norman can state a claim upon which relief can be granted, in an abundance of caution and because he is proceeding *pro se*, I believe it is appropriate to grant him at least one more opportunity to amend his complaint.

Accordingly, I respectfully submit that the Court:

1.      Deny Mr. Norman's IFP Motion (Doc. 2) without prejudice;

2.      Dismiss Mr. Norman's amended complaint (Doc. 9) without prejudice;

3.      Grant Mr. Norman permission to file, within thirty (30) days of the Court's Order, a second amended complaint setting forth one or more cognizable causes of action that conform to the pleading requirements of the Federal Rules of Civil Procedure; and

4.      Caution Mr. Norman that a failure to comply with these directives may result in a dismissal of his case without further notice.

Although I recommend Mr. Norman be granted leave to amend, I recommend he seek legal assistance and consult the resources available to *pro se* individuals before doing so. Mr. Norman may obtain advice, for example, through the "Legal

9

Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.[3]

In addition, Mr. Norman may visit the Middle District of Florida's resources for parties without counsel,[4] which include a "Guide for Proceeding Without a Lawyer." The Court's website also includes helpful links to the Federal Rules of Civil Procedure[5] as well as to various forms for litigants to use.[6]

Respectfully submitted this 24th day of February 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

---

[3] A brochure containing further information about the program is available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-legal-information-program-tampa.pdf.

[4] https://www.flmd.uscourts.gov/litigants-without-lawyers

[5] https://www.uscourts.gov/sites/default/files/rules-of-civil-procedure.pdf

[6] https://www.flmd.uscourts.gov/forms/all

10

conclusion(s) the District Judge adopts from the Report and Recommendation.  *See*

11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies to:
Honorable William F. Jung, United States District Judge
*Pro se* Plaintiff